Honorable David R. Duncan
US Bankruptcy Judge
District of South Carolina
Donald Stuart Russell Federal Courthouse
201 Magnolia Street
Spartanburg, SC

RECEIVED

2011 MAR 11  AM 8:02

U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

March 2, 2011

In re:  Objection to Confirmation of Debtor's Bankruptcy Plan
        Connector 2000 Association, Inc., Debtor
        Chapter 9  Case No: 10-04467-dd

Dear Judge Duncan,

As a retail bondholder, I am writing to respectfully share my reasons for objecting to confirmation of the Association's Chapter 9 bankruptcy Plan. I personally filed my Proofs of Claim with your Court in September of 2010. The combined principal and accreted value of my Current Interest and Capital Appreciation Senior Bond claims as of the Petition Date is $436,796.78, and the accreted value of my Capital Appreciation Subordinate Bond claims as of the Petition Date is $1,153,422 (Proofs of Claim Schedule A attached). My votes objecting to the Plan have been submitted to the Solicitation Agent, copies of which are attached solely for purposes of reference. My primary objections to the Plan stem from the position that the Association has failed to adhere to the Chapter 9 Bankruptcy Code in both the formulation and final outcomes of the Plan to the detriment of bondholders and the sole benefit of the South Carolina Department of Transportation (SCDOT), an unsecured creditor which is an insider of the Debtor.

First, the outcome of the negotiations between the Debtor and the SCDOT for this Plan makes it apparent that the Debtor, as an instrumentality of the State, is so under the control of the SCDOT as to be incapable of exercising its duties to all creditors equitably and independently under the Code given the control of SCDOT over the Debtor. Per resolution, the Debtor's Board members are approved and removed solely at the discretion of the SCDOT, highlighting SCDOT's position as an "insider" under the Code. The preference of SCDOT over all other creditors is evidenced in various parts of the Plan--several which I highlight below. The SCDOT, as owner of the Southern Connector highway, is being unjustly enriched by the Plan allowing the Association to discharge significant Senior and Subordinate debt via this Bankruptcy proceeding while establishing a mechanism for License Agreement extension solely for purposes of reimbursing the SCDOT to cover its own statutory obligation to maintain the highway.

Second, under this Plan, the Debtor's proposed use of future toll revenues of the Association (special revenues under the Code) ignores the protection granted under Section 928 of the US Bankruptcy Code for bondholders, and the Debtor's use of the special revenues under the Plan to pay future expenses of SCDOT have not offered/provided adequate protection to bondholders under Section 361 and 362 of the Code. Under the Plan the SCDOT, whose rights to toll revenues under Exhibit 5 of the original License Agreement are fully subordinated to both Senior and Subordinate bond debt service payments, is being given access to toll revenue to fund a Renewal Replacement Fund ahead of bond debt service without sufficient adequate protection to the bondholders. Adequate protection for the bondholders

<u>could come from an extension of the License Agreement already proposed by the Debtor for the exclusive benefit of SCDOT.</u>

Third, the Association has completely by-passed the valuation of the secured and unsecured claims of both the Senior and Subordinate bonds (which will vary based upon the maturity date of each individual bond). Valuation of claims is required under the Code. As the Bonds are not subject to acceleration under the Indenture, each maturity of the Senior and Subordinate Bonds through 2038 has a slightly different ratio of secured to unsecured claim, and in some cases, the holders of the earlier maturity Senior Bonds and Subordinate Bonds may be fully secured and unimpaired.

Fourth, the Debtor's Plan deprives under secured bondholders of their 1111b election under the Code clearly available in Chapter 9. Were the Debtor's Plan's proposal of a License Agreement extension for the exclusive benefit of SCDOT be <u>altered to extend equitably</u> to the unsecured claims of bondholders, bondholders, under 1111b, would have the option to "ride" with the future collateral rather than be forced to take the present inequitable "cash" distribution.

Fifth, the Plan's pro-rata nature of restructuring the Senior and Subordinate Bonds ignores the original terms of the Indenture by giving <u>inequitable consideration</u> to the holders of longer bond maturities of the Capital Appreciation Bonds to the detriment of the shorter term maturities of the Capital Appreciation Bonds and the shorter sinking fund payment schedule of the Current Interest Bonds.

Sixth, no financial "consideration" is given to the Bondholders under the Plan for the Debtor's waiving prior claims against the SCDOT for Rate Covenant violations (Sections 6.4 and 14.4(a) of License Agreement) nor is pre-petition consideration given by SCDOT for terminating the Rate Covenant obligations of the SCDOT going forward. The SCDOT's failure to comply with the Rate Covenant was a material proximate cause for the lack of the Debtor's toll revenues to fund both debt service on the Bonds and the Renewal Replacement Fund.

In summary, I am imploring the Court to exercise its <u>powers of equity</u> to address the issues of adequate protection and consideration for the bondholders lacking in the Debtor's Plan and to prohibit the SCDOT from being unjustly enriched by the Plan allowing the Association to discharge a significant portion of Senior and practically all Subordinate lien debt.

Respectfully submitted,

*Thomas Stoeckmann*

Thomas Stoeckmann
W142 N6224 Mill Ridge Drive
Menomonee Falls, WI  53051


CC:    Stanley H. McGuffin, Haynsworth Sinkler Boyd, P.A., counsel to Connector 2000 Assoc., Inc.
       Douglas Darbut, Holland & Knight, counsel to U.S. Bank, Senior Bond Trustee
       Dennis Drebsky, Nixon Peabody, counsel to HSBC, Subordinate Bond Trustee
       W. Clarkson McDow, Jr., Joseph F. Buzhardt, III, Office of the United States Trustee, Region Four

**Thomas Stoeckmann**

| CUSIP | Holding Description | CIB Maturity | Coupon Rate | Par Value with Unpaid Accured Interest thru Bankruptcy Filing |
|---|---|---|---|---|
| 20786LAB7 | Connector 2000 Assn Inc SC Toll Rd Rev Ser A | 1/1/2038 | 5.375% | $ 115,797.53 |

| CUSIP | Holding Description | CAB Maturity | Accretion Rate | Accreted Value |
|---|---|---|---|---|
| 20786LAN1 | Connector 2000 Assn Inc S C Toll Rd Rev Ser B | 1/1/2018 | 5.75% | $ 91,411.66 |
| 20786LBG5 | Connector 2000 Assn Inc S C Toll Rd Rev Ser B | 1/1/2036 | 5.85% | $ 229,587.59 |
| | | | | $ 436,796.78 |

**Thomas Stoeckmann**

|          | Cusip      | CAB Maturity | Accretion Rate | Accreted Value |
|----------|------------|--------------|----------------|----------------|
| Sub Ser C | 20786LBR1 | 1/1/2014     | 6.18%          | $ 60,538       |
| Sub Ser C | 20786LBY6 | 1/1/2021     | 6.25%          | $ 287,872      |
| Sub Ser C | 20786LBZ3 | 1/1/2022     | 6.25%          | $ 287,915      |
| Sub Ser C | 20786LCD1 | 1/1/2026     | 6.28%          | $ 517,095      |
|          |            |              |                | $ 1,153,422    |